UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z-AXIS TECH SOLUTIONS, INC. and SRINIVAS NOMULA<br><br>Plaintiffs,<br><br>-against-<br><br>RICHMOND CAPITAL GROUP, INC. and CAP CALL, LLC,<br><br>Defendants. | Civil Action No. 17-cv-03983 (GBD) |

**DEFENDANT CAP CALL, LLC'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS <u>MOTION PURSUANT TO FED. R. CIV. P. 56</u>**

Douglas E. Robinson, Esq.
*Attorney for Defendant*
*CAP CALL, LLC*
122 East 42nd Street, Suite 2112
New York, NY 10168

Defendant Cap Call, LLC ("Cap Call") by its undersigned attorney respectfully submits this memorandum of law in further support of its motion pursuant to Fed. R. Civ. P. 56(a) to dismiss the complaint as against it filed by Z-Tech Solutions, Inc. and Srinivas Nomula ("Plaintiff") dated May 25, 2017.

Plaintiff's dispute here is with defendant, Richmond Capital Group, Inc., not Cap Call for the commission paid on another cash advance- not even Cap Call's. As is aptly demonstrated in the original affidavit of Evan Marmott in support of Cap Call's motion, Cap Call fully performed under the terms of its agreement with the Plaintiff. Plaintiff now interjects what can only be viewed as an attempt to try and *create* an issue to thwart the dismissal of its complaint against Cap Call by trying to paint the March 28, 2017 agreement (the "Merchant Agreement") for the purchase of future receivables, as a loan.

The Merchant Agreement in its intent and explicit language is a purchase and sale of future receivables. If there is any reasonable interpretation of the operative provisions that the Merchant Agreement is not usurious, then the Court is obligated to adopt that interpretation because of the strong presumption against the finding of usury. *Transmedia Rest. Co. v. 33 E. 61st St. Rest.* 184 Misc. 2d 706 (Sup. Ct. N.Y. Cty. 2000) (citing *Giventer v. Arnow,* 37 N.Y. 2d at 309) "The Court will not assume that the parties entered into an unlawful agreement".

The lynchpin which differentiates the Merchant Agreement from a loan is that the Merchant Agreement was not designed to provide the purchaser with an absolute right of repayment. The New York Court of Appeals has confirmed this principle: "[u]sury laws apply only to loans or forbearances, not investments. If the transaction is not a loan, there can be no usury however unconscionable the contract may be, *Seidel v. E 17th St. Owners, Inc.* 79 N.Y.2d 735, 744 (1992). Critically, as this Court has observed, "[t]here can be no usury unless the

principle sum advanced is repayable absolutely. *Condren v. Grace*, 1990 WL 151108, at *3 (S.D.N.Y. Oct. 4, 1990) (dismissing complaint alleging that agreement under which obligee would potentially obtain a return in excess of the lawful rate depending on certain contingencies was a usurious loan).   Simply put, a transaction is not usurious because there is a *possibility* that the obligee "will receive more than the legal rate of interest", *id.* at *3, n.2.

Plaintiff's argument hinges on the assertion that by lowering the chance that it will not be paid by including certain terms into the Merchant Agreement, Cap Call has obtained almost near certainty of payment.  However, the seminal question is whether Cap Call has a *right* to "repayment absolutely" which it does not.  The Court in *Condron* concluded that payments to the plaintiff were "genuinely at hazard… because [they] depended upon the amount of credit card receivables defendant received month to month" (*id.* at 10). Because of this the Condron Court concluded that the agreement was "not a disguised loan but [was] instead, as it purport[ed] to be, a sale of future interests in credit card receivables." (*Id*).

While it is true that the individual defendant, Srinivas Nomula, personally guaranteed performance of Plaintiff's obligations to Cap Call if Plaintiff defaulted on its obligations, courts have expressly found that such guarantees do not convert a merchant cash advance into a loan, *Professional Merchant Advance Capital*, 2012 N.Y. Misc. LEXIS 6757, at * 12-14.  In conjunction with the explicit language which says  that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan form [Cap Call] to [Z-Axis]. See Robinson Aff. Ex A, ¶ 1.9. It is abundantly clear that this agreement was meant to be and is, in fact for the purchase of future receivables.

In all, Plaintiff's arguments are unavailing, the Merchant Agreement contains a "true-up" provision which Plaintiff tries to poo-poo. The bottom line, however, is that Plaintiff never contacted Cap Call to take advantage of the reconciliation provision. Plaintiff's speculative assertions and mischaracterizations about Cap Call's advertising to broker's is irrelevant and falls woefully short of providing this Court with a basis on which to deny Cap Call's motion.

Plaintiff's complaint against Cap Call and now its opposition to Cap Call's Rule 56 motion try to gloss over the simple fact that the Merchant Agreement is clear and unambiguous where at paragraph 1.9 it states unequivocally:

> [Z-Axis] and [Cap Call] agree that the purchase price under this agreement is in exchange for the Purchased Amount and that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from [Cap Call] to [Z-Axis].

(Robinson Aff. at Ex. A, ¶ 1.9)

Also contained in paragraph 1.9 of the Merchant Agreement:

> In no event shall the aggregate of all amounts be deemed as interest hereunder and charged or collected hereunder exceed the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law…

(Robinson Aff. at Ex. A, ¶ 1.9)

Cap Call has included the N.A.C.H.A Printout in its answer as well as in its moving papers demonstrating the absence of any genuine dispute of material fact, and met its burden which then shifted to Plaintiff. Plaintiff's conclusory allegations and denials based on incorrect interpretation of prevailing law which are unsupported by facts are insufficient to thwart the

granting of judgment dismissing the complaint as against Cap Call. *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002).

August 28, 2017

By: _____
Douglas E. Robinson, Esq.
*CAP CALL, LLC*
122 East 42nd Street, Suite 2112
New York, NY 10168
Tel: 718.775.3673